# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT PINYAN AND SUSAN PINYAN, ) ) ) Plaintiffs, ) ) v. ) ) CHASE HOME FINANCE LLC, ) ) Defendant. ) | CIVIL ACTION NO. 06-PWG-4642-S |

## MOTION TO STRIKE AFFIDAVIT OF WALKER F. TODD

Defendant Chase Home Finance LLC ("Chase Home") hereby moves for an order striking the affidavit of Walker F. Todd that is incorporated into the Response Brief filed by Plaintiffs in this matter entitled "Judicial Notice and Objection to Declaratory Judgment and Summary Judgment in Affidavit Form." See Document 35, pages 15-28. In support of this motion, Chase Home shows unto the Court as follows:

1.  The affidavit from Walker F. Todd which Plaintiffs have tendered must be stricken as incompetent, invalid and time-barred. First, the affidavit was prepared in or about 2005 for another case in the state courts of Michigan, which concerned different parties and different facts unrelated to those at bar. See id. Because the

affidavit does not concern the parties or the facts of this case, it cannot be used as evidence here.  See Fed. R. Civ. P. 56(e) (requiring that "Supporting and opposing affidavits shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence…"); Fed. R. Evid. 702 (permitting a qualified expert to testify only if  "(1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.").

2. In addition, the affidavit is unsigned and thus invalid.  See, e.g., Fed. R. Civ. P. 11 (holding that unsigned "pleadings, written motions, and other papers" … "shall be stricken.").

3. Independently of the substantive flaws of the affidavit, it fails procedurally as well.  The person who purports to make the affidavit, Walker F. Todd, has never been disclosed as an expert in this case.  The deadline for Plaintiffs' expert disclosures was March 30, 2007, a full three months ago.  See Order enacting the Report of Parties Planning Meeting, document 25.  Moreover, Plaintiffs have not provided a "written report, prepared and signed" by this witness.  See Fed. R. Civ. P. 26(a)(2).  As a result, Mr. Todd cannot give expert testimony in this case.

4.      Finally, even had Mr. Todd been asked to consider the facts in this case, had he actually signed an affidavit and report, and had he and his opinions been timely disclosed, those opinions would still not pass judicial scrutiny under the controlling principles of Daubert and Kuhmo Tire.

**Wherefore, premises considered,** Chase Home respectfully requests that the Court strike the affidavit of Walker F. Todd from the record in this case.

                                          Respectfully submitted,

                                          /s James F. Hughey III
                                          One of the Attorneys for Defendant
                                          Chase Home Finance LLC

OF COUNSEL:

Harlan I. Prater, IV (PRATH7485)
Sara Anne Ford (FORDS5509)
James F. Hughey III (HUGHJ1698)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on July 13, 2007, I served a true and correct copy of the foregoing by US Postal Service Express Mail - Overnight, properly addressed to:

Susan Z. Pinyan  
Robert E. Pinyan  
Box 144-1305-C  
North Main Street  
Summerville, SC  29483

                                      /s/ James F. Hughey III  
                                      OF COUNSEL