# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT PINYAN; SUSAN PINYAN,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-4642-RDP |
| | ) |
| **CHASE HOME FINANCE, LLC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

The court has before it Plaintiffs' Rule 60(b) Motion to Reopen Case and Set Aside Judgment (Doc. # 52), which was filed on May 29, 2008. The motion requests that the court set aside the March 31, 2008 Final Judgment[1] to permit Plaintiffs to assert an untimely objection to the March 7, 2008 Magistrate Judge's Findings and Recommendation. (Doc. # 52).[2] Plaintiffs aver that "their failure to file timely objections [by the deadline of March 28, 2008]. . . was merely a result of clerical

---

[1] Although the Final Judgment granted summary judgment in Defendant's favor as to all of Plaintiffs' claims, Plaintiffs now assert that the case was not dismissed "with prejudice" when the undersigned adopted the Magistrate Judge's Findings and Recommendation. Eleventh Circuit law indicates otherwise. A grant of summary judgment in favor of a defendant on all of a plaintiff's claims is necessarily a ruling on the merits and a dismissal with prejudice. *See Davis v. NPC Pizza Hut*, 226 Fed.Appx. 890, 892 (11th Cir. 2007)("Dismissal with prejudice was [] a necessary result of the district court's grant of summary judgment"), *citing Tuley v. Heyd*, 482 F.2d 590, 594 n. 2 (5th Cir.1973)("[A] summary judgment is always 'with prejudice.' It 'is on the merits and purports to have a res judicata effect on any later action.' 10 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2713 at 407 (1973).")

[2] The Magistrate Judge's March 7, 2008 order made clear that any objections should be filed not later than March 28, 2008. (Doc. # 7). When no objections were filed by the deadline, on March 31, 2008, the undersigned entered a Memorandum of Opinion and Final Judgment adopting and accepting the Magistrate Judge's findings and recommendation. (Docs. # 47, 48).

errors in the Federal Court which did not process their notice of change of mailing address." (Doc. # 52).

The court will assume, without deciding, that Plaintiffs have provided reasonable grounds for allowing them to file objections out of time.[3] Thus, Plaintiffs' motion (Doc. # 52) is **GRANTED, in part,** to the extent that it requests that the court set aside its March 31, 2008 Memorandum of Opinion and Final Judgment, and those rulings are **WITHDRAWN** (Docs. # 47, 48). The court will treat the remainder of Plaintiffs' motion (Doc. # 52), including their request to reopen the case, as a timely objection to the Magistrate Judge's March 7, 2008 Findings and Recommendation.

The court has carefully considered those objections and arguments presented by Plaintiffs in their most recent filing. (Doc. # 52). Nevertheless, the court finds that based upon a *de novo* review of the record as a whole, and consideration of the applicable law, there is no basis to alter its previous decision to adopt the Magistrate Judge's findings and to accept his recommendations. Over Plaintiffs' objections, the court finds that Plaintiffs' motions for summary judgment and for declaratory judgment are due to be denied, Defendant's motion for summary judgment is due to be granted; and Defendant's specific request for declaratory judgment is moot. Accordingly, the Magistrate Judge's findings are hereby **ADOPTED** and his recommendations are **ACCEPTED**. A separate order of Final Judgment will be entered.

---

[3] The court notes, however, that the paperwork submitted to the court regarding Plaintiffs' change of address does not support Plaintiffs' stated reason for failing to timely file objections. Although Plaintiffs blame *the court* for not processing their change of address of address notice in a timely matter, the notice they submitted to the court indicates that it was not mailed until April 2, 2008, after the March 28, 2008 deadline for filing objections. (Doc. # 50, at Declaration of Service). Moreover, both the March 7, 2008 Findings and Recommendation and the March 31, 2008 Opinion and Final Judgment were served on Plaintiffs at their prior address and were not returned by the postal service as undeliverable.

**DONE** and **ORDERED** this _____12th_____ day of June, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE